1   Ford & Harrison LLP
    Ross A. Boughton (SBN 241119)
2   rboughton@fordharrison.com
    505 Montgomery Street, Suite 1001
3   San Francisco, California 94111
    Telephone: (415) 852-6900
4   Facsimile:  (415) 852-6901

5   David L. Cheng (SBN 240926)
    dcheng@fordharrison.com
6   350 South Grand Avenue, Suite 2300
    Los Angeles, CA  90071
7   Telephone: (213) 237-2400
    Facsimile:  (213) 237-2401

8
    Attorneys for Defendant
9   U.S. SECURITY ASSOCIATES, INC.

10                    UNITES STATES DISTRICT COURT

11              SOUTHERN DISTRICT OF CALIFORNIA

12

13  WALDO BURROLA, individually          CASE NO.  18-CV-00595-BEN-JLB
    and on behalf of other members of
14  the general public similarly situated   Assigned for all Purposes to:
                                            Hon. Roger T. Benitez
15                   Plaintiff,
                                            **DEFENDANT U.S. SECURITY
16          v.                              ASSOCIATES, INC.'S OPPOSITION
                                            TO MOTION FOR LEAVE TO FILE
17  U.S. SECURITY ASSOCIATES,              A FIRST AMENDED COMPLAINT**
    INC., and DOES 1 to 100,
18  inclusive,                             **Date:       June 11, 2018
                                            Time:       10:30 a.m.
19                   Defendants.            Ctrm:       5A**

20                                          Complaint Filed:    February 2, 2018
                                            Date of Removal:    March 21, 2018
21                                          Trial Date:         None Set

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

WSACTIVELLP:9821129.1

/CASE NO. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................i

INTRODUCTION .................................................................................... - 1 -

PROCEDURAL HISTORY ....................................................................... - 1 -

   A.  Plaintiff Alleges Thirteen Causes of Action ................................. - 1 -

   B.  Plaintiff's Proposed PAGA Claim is Encompassed Entirely By the *Abdullah* Settlement............................................................................................ - 2 -

ARGUMENT ........................................................................................... - 4 -

   A.  Legal Standards ......................................................................... - 4 -

   B.  Plaintiff's Proposed Request to Add a PAGA Claim Should Be Denied .... - 5 -

     1.  Leave to Amend Is Not a Matter of Right ................................. - 5 -

     2.  Leave to Amend Would Be Futile .......................................... - 6 -

CONCLUSION......................................................................................... - 8 -

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

Ascon Properties, Inc. v. Mobil Oil Co.,
  866 F.2d, 1149 (9th Cir. 1989) ................................................................ 4

Class Plaintiffs v. City of Seattle,
  955 F.2d 1268 (9th Cir. 1992) ................................................................ 6

De Simas v. Big Lots Stores, Inc., No. C 06-6614 SI,
  007 U.S. Dist. LEXIS 19257, *11 (N.D. Cal. Mar. 2, 2007) ............... 5

Eminence Capital, LLC v. Aspeon, Inc.,
  316 F.3d 1048 (9th Cir. 2003) ................................................................ 4

Hanna v. Plumer,
  380 U.S. 460 S. Ct. 1136, 14 L. Ed. 2d 8 (1965) ................................. 5

Hill v. Rolleri,
  615 F.2d 886 (9th Cir. 1980) ............................................................... 1, 2

McGlinchy v. Shell Chemical Co.,
  845 F.2d 802 (9th Cir. 1988) ...................................................... 4, 4-5, 5

Morongo Band of Mission Indians v. Rose,
  893 F.2d 1074 (9th Cir. 1990) ................................................................ 4

Robert Half Int'l Inc. v. Murray, No. 1:07-cv-00799-LJO-SM,
  2008 U.S. Dist. LEXIS 93347, *11-12 (E.D. Cal. Jun. 24, 2008)(a) ................. 5

Saul v. United States,
  928 F.2d 829 (9th Cir. 1991) ................................................................ 4

Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.,
  708 F.3d 1109 (9th Cir. 2003) ................................................................ 4

Villacres v. ABM Indus. Inc.,
  189 Cal. App. 4th 562 (2010) ............................................................... 6, 7

**Statutes**

California Business & Professions Code section 17200 et seq. ...................... 3

Cal. Lab. Code §§ 2698, et seq. ................................................................ 1

Cal. Lab. Code § 2699.3 ........................................................................... 5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

/CASE No. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

Fed. R. Civ. Proc. 15 ............................................................................ 4, 5

**U.S. Constitution**

U.S. Const. art VI, cl. 2 ............................................................................ 5

WSACTIVELLP:9821129.1

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

### INTRODUCTION

Plaintiff Waldo Burrola's ("Plaintiff" or "Mr. Burrola") Motion for Leave ("Motion")—which proposes, in part, to add a representative claim under the California Private Attorneys' General Act, Cal. Lab. Code §§ 2698, *et seq.* ("PAGA")—is nothing more than a thinly-veiled attempt to keep some portion of his case in court.

Plaintiff's Motion should be denied to the extent that it attempts to add a PAGA claim. His proposed PAGA claim is futile because U.S. Security Associates, Inc. ("Defendant") previously settled the claim through a class action settlement in *Muhammed Abdullah v. U.S. Security Associates, Inc.*, Case No. 2:09-09554-PSG-E (C.D. Cal.) (hereinafter, "*Abdullah*"). The *Abdullah* settlement completely encompasses Plaintiff's PAGA claim, which the *Abdullah* district court granted final approval on December 4, 2017. (*See* Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement, *Abdullah* (Dec. 4, 2017), attached as Ex. 1 to RJN ["*Abdullah* Final Approval Order"].) Accordingly, Defendant respectfully requests that the Court deny Plaintiff's request to add a now-settled PAGA representative claim to his lawsuit.

As for Plaintiff's request to dismiss his intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED") claims, although Defendant is not opposed to their dismissal, it does object to the extent Plaintiff's proposed dismissal is merely an attempt to defeat jurisdiction. *See Hill v. Rolleri*, 615 F.2d 886, 889 (9th Cir. 1980).

### PROCEDURAL HISTORY

#### A.    Plaintiff Alleges Thirteen Causes of Action

Defendant employed Plaintiff in California between approximately November 28, 2016 and June 29, 2017 as a security guard. (Complaint, ¶ 10; *see also* Plaintiff's Letter to LWDA at 1, attached as Ex. 2 to RJN ["Mr. Burrola … worked for [Defendant] as a security guard. [His] duties and responsibilities

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

- 1 -

1   included patrolling the grounds, running items to rooms, ensuring the premises
2   were secure, and observing and noting anything unusual"].)  On February 2, 2018,
3   Plaintiff filed his lawsuit against Defendant, alleging—on an individual basis—
4   thirteen causes of action for: (1) failure to provide meal periods; (2) failure to
5   provide rest periods; (3) failure to pay overtime wages; (4) failure to pay minimum
6   wages; (5) failure to timely pay wages during employment; (6) failure to pay all
7   wages due to discharged and quitting employees; (7) failure to furnish accurate,
8   itemized wage statements; (8) failure to maintain required records; (9) failure to
9   reimburse for business expenses; (10) unfair and unlawful business practices; (11)
10  retaliation; (12) NIED; and (13) IIED.  (*See generally* Complaint.)

11      Plaintiff premised his first through tenth causes of action on the principal
12  allegation that Defendant "require[ed] Plaintiff to remain under Defendant['s]
13  control and instruction during rest and meal periods by requiring Plaintiff to carry a
14  phone, or use his personal phone, to respond to any call; thereby Plaintiff was never
15  given an off-duty meal or rest period, and Defendant[] failed to pay for all hours
16  worked, including missed meal and rest periods, in violation of California law."
17  (*Id.* at ¶ 14; *see also* Op. Br. at 2:23-26, Dkt. No. 8-1.)

18      **B.      Plaintiff's Proposed PAGA Claim is Encompassed Entirely By the**
19          ***Abdullah* Settlement**

20      On December 4, 2017, the district court in *Abdullah* granted final approval of
21  a class action settlement that included all of Defendant's past and present California
22  security guard/officer employees.  (*Abdullah* Final Approval Order at 2, Ex. 1 to
23  RJN.)  *Abdullah* was premised entirely on the same allegations now raised by
24  Plaintiff; namely, that Defendant allegedly violated California meal and rest break
25  laws by requiring its security guards/officers to remain under its control during their
26  rest and meal periods.  (*See id.* at 2-3, 5.)  As part of the settlement, each class
27  member acknowledged a broad release of claims, which included:

28      All wage and hour claims that were plead or could have been plead

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -
/CASE No. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

under the Labor Code, Wage Orders or federal, state or local wage and hour laws, including the Fair Labor Standards Act ("FLSA"), based on the facts alleged in the *Abdullah* Second Amended Complaint and the *Stone* Complaint, including claims for: (a) any vested, unused vacation wages; (b) ***any meal break violations, including non-compliant on-duty meal breaks***; (c) ***any unreimbursed work-related expenses, including, but not limited to,*** expenses for mandatory training, licensing and certifications, ***unreimbursed expenses*** for operating a personal vehicle or ***using a personal cellular phone while carrying out work-related duties***, and unreimbursed expenses for uniform maintenance; (d) ***unpaid overtime wages***; (e) ***failure to pay minimum wages or regular wages***; (f) ***unpaid wages due to "off-the-clock" work*** (during the Subclass Period only); (g) ***rest break violations*** (during the Subclass Period only); (h) ***receipt of inaccurate itemized wage statements or record-keeping violations***; (i) ***waiting-time penalties due to the failure to pay wages within 72 hours of termination***; (j) <u>***all claims under PAGA that could have been premised on the claims, causes of action or legal theories described above in (a)-(i)***</u>; (k) ***all claims for unfair business practices under California Business & Professions Code section 17200* et seq.** *that could have been premised on the claims, causes of action or legal theories of relief described above in (a)-(i)*; (l) conversion; and (m) all damages, including, but not limited to, liquidated damages, civil and statutory penalties, interest and other amounts recoverable under said claims, causes of action or legal theories of relief identified above in (a)-(l) (collectively, the "Released Claims.")  The period of the Released Claims shall extend to the limits of the Class Period.  ***The Parties agree that the judgment, and release of claims provided herein, shall have* res judicata** *effect*.  ***The definition of Released Claims shall not be limited in any way by the possibility that Plaintiffs or Settlement Class Members may discover new facts or legal theories or legal arguments not alleged in the operative pleadings in the Actions but which might serve as an alternative basis for pursuing the same claims, causes of action, or legal theories of relief falling within the definition of Released Claims.***

(*See id.* at 4-5 [emphases added].)

The release periods for the *Abdullah* settlement completely encompass Plaintiff's employment.  As stated in the Complaint, Plaintiff's employment ended

on June 29, 2017.  (*See* Complaint at ¶ 10.)  The *Abdullah* settlement released all claims prior to June 30, 2017.  (*See Abdullah* Final Approval Order at 5 [describing the release periods going through and until June 30, 2017].)[1]

Importantly, Plaintiff never opted out of the *Abdullah* settlement.  (*See* Ex. 4 to RJN at ¶ 3.)

## ARGUMENT

### A.    Legal Standards

While Fed. R. Civ. Proc. 15 permits courts to grant leave to amend, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint.  *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2003); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d, 1149, 1160 (9th Cir. 1989); *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988).  Of these factors, "the consideration of prejudice to the opposing party [] carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  A non-moving party may demonstrate undue prejudice where the amendment would greatly alter the nature of the litigation and require defendants to undertake an entirely new course of defense.  *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

Further, while courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). A proposed amendment is "futile" only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. See *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,

---

[1] The *Abdullah* district court later converted the final approval order into a final judgment on January 16, 2018.  (Order Granting Joint Stipulation Regarding Entry of Final Judgment, *Abdullah* (C.D. Cal. Jan. 16, 2018), attached as Ex. 3 to RJN.)

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

214 (9th Cir. 1988).

**B.    Plaintiff's Proposed Request to Add a PAGA Claim Should Be Denied**

**1.    Leave to Amend Is Not a Matter of Right**

As a preliminary matter, Plaintiff claims that he is permitted, as a matter of right, to include PAGA representative claims and penalties.  (*See* Op. Br. at 2:10-11, 6:15-17; *see also id.* at 7:7-10 [citing Cal. Lab. Code § 2699.3(a)(2)(C)].)  Plaintiff, however, is incorrect.

Although Section 2699.3(a)(2)(C) of the California Labor Code permits a plaintiff to amend an existing complaint as a matter of right, federal courts have already determined that PAGA's "amendment as a matter of right" language is preempted by federal procedure: "This is a procedural provision, however, that directly conflicts with the Federal Rules of Civil Procedure governing amendment. See generally Fed. R. Civ. P. 15. As such, pursuant to the Supremacy Clause, U.S. Const. art VI, cl. 2, the Federal Rules govern. See *Hanna v. Plumer*, 380 U.S. 460, 85 S. Ct. 1136, 14 L. Ed. 2d 8 (1965).  Moreover, subdivision (a)(2)(C) only grants the right to amend without leave, it does not establish whether a particular amendment will survive." *De Simas v. Big Lots Stores, Inc.*, No. C 06-6614 SI, 2007 U.S. Dist. LEXIS 19257, *11 (N.D. Cal. Mar. 2, 2007); *see also Robert Half Int'l Inc. v. Murray*, No. 1:07-cv-00799-LJO-SM, 2008 U.S. Dist. LEXIS 93347, *11-12 (E.D. Cal. Jun. 24, 2008) (finding that Rule 16(b) and Rule 15(a) covered amendments within the ambit of Cal. Lab. Code § 2699.3(a)(2)(C), and concluding that the state statute was procedural and "inconsistent with the federal discretionary rule, which permits a uniform and consistent system guided by good cause, delay, prejudice, and other discretionary factors central to the Court's exercise of judgment").

Accordingly, the Court must analyze Plaintiff's Motion under the Rule 15 standards for granting leave to amend.

Ford & Harrison
LLP
Attorneys At Law
Los Angeles

## 2.     Leave to Amend Would Be Futile

Here, it is undisputed that Plaintiff was a member of the *Abdullah* class. (Complaint, ¶ 10; *see also* Plaintiff's Letter to LWDA at 1, attached as Ex. 2 to RJN.)  It is undisputed that the *Abdullah* settlement release period encompasses his entire employment with Defendant, and that the release provision agreed to as part of the *Abdullah* settlement covers the entirety of Plaintiff's proposed PAGA claim. (*Abdullah* Final Approval Order at 4-5, Ex. 1 to RJN.)  It is further undisputed that Plaintiff did not opt out of the *Abdullah* settlement—including the terms of the broad release agreed to by the parties.[2]  (Ex. 4 to RJN at ¶ 3.)  The terms of the *Abdullah* settlement were later converted into a final judgment.  (Ex. 3 to RJN.)

Consequently, Plaintiff did not opt out and is bound by the settlement and final judgment in *Abdullah*.  Plaintiff's proposed PAGA claim would therefore be barred.  *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) (holding that a judgment pursuant to a class settlement can bar later claims based on the allegations underlying the claims in the settled class action).  Once the underlying wage and hour claims are resolved, with each member of the employee class receiving notice, an employee cannot subsequently file a PAGA representative action alleging the same underlying claims that had since been settled.

Indeed, in a case similar to the facts here, *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 581-93(2010), the California Court of Appeal affirmed a lower court's decision barring the plaintiff from prosecuting a PAGA lawsuit premised on the same causes of action alleged and settled in a prior class action lawsuit for

---

[2] As stated in the Supplemental Declaration of Tarus Dancy of CPT Group, Inc, Settlement Administrator, In Support of Plantiff's (Unopposed) Motion For Class Action Settlement, the only class members that opted out were Seth R. Morrison, Blair H. Anderson, Koffi Atitse, Jemy Attallah, Christopher Valdez, Joseph Palacio, Victoria J. Klippel, Gary Castle, Nikesh Lakhan, and John Norbert Kleinmann.  (Ex. 4 to RJN at ¶ 3.)  Plaintiff was not one of the opt-outs. Additionally, thirty class members had earlier opted out of *Abdullah* during the litigation in or around August 20, 2015.  (*Abdullah* Final Approval Order at 3, Ex. 1 to RJN.)  Given Plaintiff only began his employment on November 28, 2016, he would not have been part of these earlier opt-outs.  (*See* Complaint, ¶ 10.)

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE No. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

1  which plaintiff was a participating member.  As part of its rationale for affirming

2  the decision, the appellate court credited the fact that the plaintiff was a

3  participating member of the prior class action settlement—like Plaintiff—and that

4  the claims raised by the plaintiff were the same as those raised in the prior class

5  action, but which the plaintiff failed to object or opt out of the settlement—like

6  Plaintiff.  *Villacres*, 189 Cal. App. 4th at 581-87.

7         In addition, the appellate court found there was privity between the plaintiff

8  and the plaintiffs in prior class action given that the plaintiff—like Plaintiff, here—

9  remained a member of the class action.  *See id.* at 592.  Here, in fact, the case is

10  much stronger for barring Plaintiff given that *Abdullah* and its underlying class

11  action settlement ***specifically involved settlement of a pending PAGA claim***.  (*See*

12  *Abdullah* Final Approval Order at 2, 5, Ex. 1 to RJN.)  Accordingly, not only was

13  there privity between Plaintiff and the plaintiffs in *Abdullah*, but there was privity

14  between the plaintiffs in *Abdullah* and the State of California, whom had expressly

15  authorized the *Abdullah* plaintiffs to prosecute and resolve any PAGA claim.  (*See*

16  *Abdullah* Final Approval Order at 2, Ex. 1 to RJN [noting inclusion of co-plaintiff

17  Robert Stone's PAGA claim in *Abdullah* settlement]; Ex. 5 to RJN and Ex. 6 to

18  RJN at pp. 19-36 [showing co-plaintiff Robert Stone notifying the LWDA prior to

19  filing PAGA claim against Defendant].)

20         Finally, public policy supports barring Plaintiff from asserting his proposed

21  PAGA claim against Defendant.  It is undisputed that the *Abdullah* settlement

22  specifically settled out every predicate wage and hour claim that Plaintiff seeks to

23  prosecute through his proposed claim.  Accepting Plaintiff's position that he may

24  now amend his Complaint to include a now-settled cause of action would not only

25  be futile, but contravene the fundamental purpose of *res judicata*.  It would be

26  unfair and impractical for the Court to not credit the *Abdullah* settlement, and may

27  lead to absurd results through an endless series of PAGA lawsuits premised solely

28  on prior class action settlements—regardless of whether those settlements

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

/CASE NO. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

1   specifically released a PAGA claim.

2   <u>**CONCLUSION**</u>

3   Accordingly, Defendant respectfully requests that the Court deny Plaintiff's

4   request to add a proposed PAGA Claim to his lawsuit.

5

6   Dated:  May 25, 2018                    Respectfully submitted,

7                                           FORD & HARRISON LLP

8                                           By: */s/ Ross Boughton*
9                                               Ross A. Boughton
                                                David L. Cheng
10                                              Attorneys for Defendant
                                                U.S. Security Associates, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

- 8 -

/CASE NO. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER

# CERTIFICATE OF SERVICE

I, James Riley, declare:

I am a citizen of the United States and employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 505 Montgomery Street, Suite 1001, San Francisco, California 94111. On May 25, 2018, I served a copy of the within document(s):

**DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S OPPOSITION TO MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

☒  **BY ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System as set forth below.

MARTORELL LAW APC                    Attorneys for Plaintiff
Eduardo Martorell                          *Waldo Burrola*
EMartorell@Martorell-Law.com
Megan Atkinson
MAtkinson@Martorell-Law.com
Angelo E. Mishriki
AMishriki@Martorell-Law.com
6100 Center Drive, Suite 1130
Los Angeles, CA 90045
Tel: (323) 840-1200
Fax: (323) 840-1300

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 25, 2018, at San Francisco, California.

_____
James Riley

FORD & HARRISON LLP
ATTORNEYS AT LAW
LOS ANGELES

/CASE NO. 18-CV-00595-BEN-JLB
DEFENDANT U.S. SECURITY'S OPP. TO MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINTS
DOCUMENT PRINTED ON RECYCLED PAPER